IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SUMMUM,<br><br>    Plaintiff,<br><br>vs.<br><br>PLEASANT GROVE CITY, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO COMPEL<br><br>Case No: 02:05-cv-0638 DB<br><br>Chief Judge Dee Benson<br><br>Magistrate Judge David Nuffer |

Plaintiff Summum, which designates itself as a Corporate Sole and Church, filed suit against Defendants Pleasant Grove City, et al., on July 29, 2005.[1] Plaintiff moved for preliminary injunctive relief,[2] which was denied,[3] and then appealed.[4]

## MOTION TO STAY

Plaintiff filed a Motion to Stay pending the interlocutory appeal on the grounds that judicial economy would be served.[5] In its supporting memorandum, Plaintiff sets forth the four factors the parties agree control whether to grant a stay pending appeal: "(1) the likelihood of success on appeal; (2) the threat of irreparable harm if the stay is not granted; (3) the absence of harm to opposing parties if the stay is granted; and (4) any risk of harm to the public interest."[6]

Plaintiff argues that no harm will arise by delay of consideration of its complaint and that the "pre-lawsuit status quo will be maintained" by deferring consideration of this case on its

---

[1] Complaint, docket no. 1.
[2] Docket no. 10, filed October 14, 2005.
[3] Minute entry dated February 2, 2006.
[4] Docket no. 45, filed February 22, 2006.
[5] Docket no. 50, filed March 24, 2006.
[6] Plaintiffs' Memorandum Re: Motion to Stay, docket no. 51, filed March 24, 2006 (citing *FTC v. Mainstream Marketing Servs.*, 345 F.3d 850, 852 (10th Cir. 2003); *accord* 10th Cir. R. 8.1; *Homans v. City of Albuquerque*, 264 F.3d 1240, 1243 (10th Cir. 2001)). *See also* Defendants' Brief in Opposition to Plaintiff's Motion to Stay at 2, docket no. 58, filed April 8, 2006.

merits.[7] Therefore, Plaintiff says, "the probability of success factor becomes of minimal importance."[8]

Defendants, in their memorandum in opposition to Plaintiff's Motion to Stay, point out that stays pending appeal of *denial* of preliminary injunctive relief make little sense. "Interlocutory injunction appeals would come at high cost if the trial court were required to suspend proceedings pending disposition of the appeal. The delay and disruption alone would be costly."[9] Defendants oppose the Motion to Stay and argue that this case should continue with a trial on the merits. Defendants argue that a stay and further delay in this case will "prejudice defendants because they would be unable to conduct discovery, witnesses may move away, die, become incapacitated, and other evidence may disappear."[10]

Contrary to Plaintiff's statement, "likelihood of success" is an important consideration. "[P]laintiff [must show] that this court's denial of its preliminary injunction motion was a decision that was 'arbitrary, capricious, whimsical, or manifestly unreasonable.'"[11] Since Plaintiff failed to make this showing, Plaintiff has failed to show that a stay would be justified. Further, Plaintiff has not addressed the harm which would result by deferring consideration of the merits. While the status quo would be preserved by a stay, the parties would be delayed from adjudication of the merits, and the public interest in resolution of the case would be frustrated by delay. For these reasons, the motion to stay is denied.

---

[7] Memorandum re: Motion to Stay at 2.
[8] *Id.* at 3.
[9] Defendants' Brief in Opposition to Plaintiff's Motion to Stay at 2 (quoting 16 Wright, et al., *Federal Practice & Procedure* § 3921.2 at 53-54).
[10] *Id.*
[11] Defendants' Brief in Opposition to Plaintiff's Motion to Stay at 3 (quoting *Pacific Frontier v. Pleasant Grove City*, 414 F.3d 1221, 1231 (10th Cir. 2005).

## MOTION TO STRIKE

Defendants filed a Motion to Strike Declaration of Summum Bonum Amon Ra and Newspaper Article Attached Thereto on March 27, 2008.[12]  Defendants argue that the affidavit and attached article were not filed in support of any motion or pleading.[13]  Defendants further argue that the newspaper article, and all statements within the article, are inadmissible based on the hearsay rule, and outside any exception to the hearsay rule.[14]  Plaintiff offers no legal support against the argument that the newspaper article is hearsay.

Plaintiff argues that the "contents of the declaration are relevant to the pre-trial proceedings in the case."[15]  The affidavit may be relevant to a future motion; however it is not referenced in any presently filed motion and thus is not before the court for any purpose.  If a motion referencing the affidavit is filed within twenty days, the affidavit will not be stricken; otherwise, it will be stricken.

## MOTION TO SCHEDULE

Defendants filed a Motion for a Scheduling Conference, Case Management Order, and Order Implementing Stipulation of Counsel on April 7, 2006.[16]  Because the motion for stay is denied, the motion for scheduling conference is GRANTED IN PART.  The parties shall meet within fifteen days and submit a stipulated attorney planning report within twenty-five days.  The parties shall follow the instructions at http://www.utd.uscourts.gov/documents/ipt.html.  If the

---

[12] Docket no. 52.
[13] Defendants' Legal Memorandum Supporting Motion to Strike Declaration of Summum Bonum Amon Ra and Newspaper Article Attached Thereto, docket no. 53, filed March 27, 2006.
[14] *Id.* (citing *Cody v. Harris*, 409 F.3d 853, 860 (7th Cir. 2005); *Larez v. City of Los Angeles*, 946 F.2d 630, 642-44 (9th Cir. 1991); *New England Mut. Life Ins. Co. v. Anderson*, 888 F.2d 646, 650-51 (10th Cir. 1989); *Green v. Baca*, 226 F.R.D. 624, 637-39 (C.D. Cal. 2005); *ACLU v. City of Las Veas*, 13 F. Supp. 2d 1064, 1070 (D. Nev. 1998); *Fitzgerald v. Town of Kingston*, 13 F. Supp. 2d 119, 123 (D. Mass. 1998); *Barnes Found. v. Township of Lower Merion*, 982 F. Supp. 996 (E.D. Pa. 1997)).
[15] Plaintiff's Opposition to Motion to Strike Declaration of Summum Bonum Amon Ra, docket no. 61, filed April 17, 2006.
[16] Docket no. 56.

parties cannot agree on a proposed schedule, their respective positions on scheduling should be filed within thirty days.

## MOTION TO COMPEL DISCOVERY

Defendants filed a Motion to Compel Discovery on April 13, 2006.[17]  Having reviewed the parties' submissions on this motion and the discovery propounded, the court agrees the motion should be granted.[18]  Defendants shall submit a form of order specifying the particulars in which the discovery remains to be answered.

## ORDER

IT IS HEREBY ORDERED:

The Motion to Stay[19] is DENIED.

The Motion to Strike Declaration of Summum Bonum Amon Ra and Newspaper Article Attached Thereto[20] is GRANTED IN PART.  The affidavit will be stricken after twenty days if no motion referencing the affidavit is filed.

The Motion for a Scheduling Conference, Case Management Order, and Order Implementing Stipulation of Counsel[21] is GRANTED IN PART. The parties shall meet within fifteen days and file a stipulated attorney planning report within twenty-five days.  The parties shall follow the instructions at http://www.utd.uscourts.gov/documents/ipt.html.  If the parties cannot agree on a proposed schedule, their respective positions on scheduling should be filed within thirty days.

---

[17] Docket no. 59.
[18] Defendants' Motion to Compel Discovery, docket no. 59, filed April 13, 2006.
[19] Docket no. 50, filed March 24, 2006.
[20] Docket no. 52.
[21] Docket no. 56.

The Motion to Compel Discovery[22] is GRANTED.  In compliance with [DUCivR 54-1](DUCivR 54-1) and the CM/ECF [Administrative Procedures](Administrative Procedures), Defendants shall submit a form of order specifying the particulars in which the discovery remains to be answered.

June 27, 2006

BY THE COURT:

_David Nuffer_
David Nuffer
U.S. Magistrate Judge

---

[22] Docket no. 59.