FILED
U.S. DISTRICT COURT

2006 NOV 22  A 11: 07

DISTRICT OF UTAH

BY:_____
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH – CENTRAL DIVISION

| | |
|---|---|
| SUMMUM,<br><br>    Plaintiff,<br><br>vs.<br><br>**PLEASANT GROVE CITY, JIM DANKLEF**, Mayor; **MARK ATWOOD**, City Council Member; **CINDY BOYD**, City Council Member; **MIKE DANIELS**, City Council Member; **DAROLD MCDADE**, City Council Member; **JEFF WILSON**, City Council Member; **CAROL HARMER**, former City Council Member; **G. KEITH CORRY**, former City Council Member; and **FRANK MILLS**, City Administrator,<br><br>    Defendants. | **MEMORANDUM OPINION AND ORDER**<br><br>Case No. 2:05cv00638<br><br>Judge Dee Benson |

The individually-named defendants have moved this Court to enforce a stipulation between the parties to dismiss the individual liability claims against each individual defendant (Dock. #79). The individually-named defendants have also sought to have this stipulation enforced through two other avenues: an appeal of the portion of the Magistrate Judge's June 27, 2006 Order (Dock. #83) that did not implement the stipulation and a motion for this Court to reconsider its Order denying Pleasant Grove's motion to dismiss these individually-named defendants (Dock. #77). For the reasons stated below, the individually-named defendants' motion to enforce the stipulation is hereby GRANTED. Because the Court has granted the

motion to enforce the stipulation, the appeal of the Magistrate Judge's Order and the motion to reconsider are terminated as moot.

## BACKGROUND

This case arises from a dispute concerning a Ten Commandments monolith located in a Pleasant Grove city park. Summum petitioned Pleasant Grove to allow it to erect a monument commemorating its Seven Aphorisms in the same park. Pleasant Grove denied the request and Summum sued. On February 1, 2006, the Court heard oral argument on various motions for summary judgment and motions for judgment on the pleadings. During the course of oral argument, the Court noted that the individually-named defendants had filed motions to dismiss because they had not been properly served. *See* Transcript, Hearing of February 1, 2006, p. 5-7. Summum's counsel, Mr. Barnard, conceded that the complaints were served out of time. *Id.* Mr. Barnard then stated that his client had filed a motion asking for permission to serve these defendants out of time. *Id.* The Court urged the parties to settle this issue concerning service of the complaint on the individually-named defendants. *Id.*

On February 3, 2006 during a deposition of plaintiff Summum Bonum Amon Ra, the parties reached an agreement concerning the individually-named defendants. In the deposition, plaintiff was represented by Mr. James Harris and the defendants were represented by Mr. Edward White. Mr. Harris and Mr. White stipulated to the following agreement:

> *Mr. White*: We're going on the record. Plaintiff's counsel and defense counsel have agreed to the following: Defendants will withdraw their motions to dismiss, which are pending in court, and plaintiff will dismiss their individual liability claims against each of the named individual defendants in this case and that this case will proceed as a case against the City of Pleasant Grove and against the individually named defendants only in their official capacity and the city will accept service on behalf of the individually named people in their official capacity and answer as a result of that.
> *Mr. Harris*: That is correct.

2

Exhibit A, Pleasant Grove's Mem. in Supp. of Mot. for Sched. Conf., Case Management Order, and Order Implementing Stipulation of Counsel.

Exhibit A, Pleasant Grove's Mem. in Supp. of Mot. for Sched. Conf., Case Management Order, and Order Implementing Stipulation of Counsel.

In March 2006, Summum filed a motion to stay all proceedings and Pleasant Grove subsequently filed a motion to compel discovery. Pleasant Grove's motion requested, among other things, that the stipulation be enforced. On June 27, 2006, the Magistrate Judge issued an Order; however, the order did not address the issue of the stipulation. On July 5, 2006, this Court issued an Order denying the individually-named defendants' motions to dismiss and granting Summum additional time to properly serve those defendants; however, it did not address the stipulation. The individually-named defendants immediately filed the present motion to enforce the stipulation, as well as an appeal of the Magistrate Judge's order and a motion to reconsider.

## ANALYSIS

"As a general rule, a stipulation is a judicial admission binding on the parties making it, absent special considerations." *Vallejos v. C.E. Glass Company*, 583 F.2d 507, 510 (10th Cir. 1078) (citations omitted). "Stipulations of attorneys may not be disregarded or set aside at will." *U.S. v. Northern Colorado Water Conservancy Distr., et al*, 608 F.2d 422, 431 (10th Cir. 1979) (citation omitted). A court "cannot overlook or disregard stipulations which are absolute and unequivocal." *Id.*

In the present case, the stipulation at issue was both absolute and unequivocal. Counsel for each party agreed to the stipulation on the record. Plaintiff's counsel explicitly agreed to dismiss the individual liability claims against each of the individually named defendants. As a result of the stipulation, defendants did not inquire further of Summum Ra about personal-liability evidence and proof supporting punitive damage claims. To allow the stipulation to go

unenforced would prejudice the individual defendants in their defense against the plaintiff's claims. Because the stipulation was absolute and unequivocal and setting it aside would harm the defendants, the stipulation must be enforced.

## CONCLUSION

For the reasons stated above, the individually-named defendants' motion to enforce the stipulation (Dock. #79) is hereby GRANTED. Because the Court has granted the motion to enforce the stipulation, the appeal of the Magistrate Judge's Order (Dock. #83) and the motion to reconsider (Dock. #77) are terminated as moot.

IT IS SO ORDERED.

DATED this 21st day of November, 2006.

Dee Benson
United States District Judge