IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SUMMUM,<br><br>       Plaintiff,<br>v.<br><br>PLEASANT GROVE CITY, a municipal corporation; JIM DANKLEF, Mayor; MARK ATWOOD, City Council Member; MIKE DANIELS, City Council Member; DAROLD McDADE, City Council Member; JEFF WILSON, City Council Member; CAROL HARMER, former City Council Member, G. KEITH CORRY, former City Council Member, and FRANK MILLS, City Administrator,<br><br>       Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:05CV638 DAK |

   This matter is before the court on Defendants' Motion for Summary Judgment and on Plaintiff's Motion for Preliminary Injunction. A hearing on the motions was held on February 19, 2010. At the hearing, Summum was represented by Brian M. Barnard and Stewart Gollan. Pleasant Grove City and all the Individual Defendants were represented by Geoffrey R. Surtees. Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties. Since taking the motions under advisement, the court has further considered the law and facts relating to these motions. Now being fully advised, the court renders the following

1

Memorandum Decision and Order.

Having lost its Free Speech Clause argument at the United States Supreme Court,[1] Plaintiff was granted leave by this court to amend its Complaint to add Establishment Clause claims under the Utah and United States Constitution. Plaintiff now seeks a preliminary injunction on its Establishment Clause claim under the Utah Constitution. Plaintiff contends that Pleasant Grove should be ordered to allow installation of the Summum monument in Pioneer Park while this action is pending.

Defendants, on the other hand, seek dismissal of all claims in this action, which include the federal Establishment Clause claim, the Utah Establishment Clause claim, and the claims against the Individuals Defendants in their official capacities. According to Defendants, there is only one issue left to resolve in this case: whether, on the undisputed facts of record, Pleasant Grove violated the federal or state Establishment Clause by displaying its Ten Commandments monument in Pioneer Park without choosing to display Summum's monument?

## FACTS

Pleasant Grove's Pioneer Park is a 2.5-acre public park located in the Historic District of Pleasant Grove, Utah. The park contains 15 permanent displays, at least 11 of which were donated by private individuals. The displays include an historic granary, a wishing well, the city's first fire station, a September 11th monument, and a Ten Commandments monument donated by the Fraternal Order of Eagles in 1971.

---

[1] *See Pleasant Grove City, Utah v. Summum*, ___ U.S.___, 1129 S. Ct. 1125 (2009).

Summum is a religious organization founded in 1975 and headquartered in Salt Lake City.  On two separate occasions in 2003, Summum's president wrote a letter to Pleasant Grove's mayor requesting permission to erect a "stone monument" which would contain "the Seven Aphorisms of Summum" and be similar in size and nature to the Ten Commandments display.  Neither of the letters sent by Summum in 2003 sets forth the group's tenets, teachings, beliefs or practices in any way, nor are Summum's beliefs in any way described except for saying that the group's "Seven Aphorisms" would be "complementary," to the Ten Commandments and that the beliefs are "based upon teachings that precede the ancient Egyptians."  In 2005, Summum again wrote to the city's mayor, but the letter did not describe Summum's monument, its historical significance, or Summum's connection to the community.

The city's only communication with Summum, a letter dated November 19, 2003, denying the group's request, makes no reference to Summum's religious status nor any of its tenets, teachings, beliefs or practices.  The only criteria stated by the city for rejecting Summum's request in 2003 related to the lack of historical relation to Pleasant Grove and the lack of long-standing ties to Pleasant Grove.

In 2004, Pleasant Grove adopted a written policy setting forth the city's criteria for accepting and displaying donated monuments among other things. This written policy codified the previously unwritten policy of limiting monuments to those that "either (1) directly relate to the history of Pleasant Grove, or (2) were donated by groups with longstanding ties to the Pleasant Grove community."

The 2004 policy also mentioned other criteria, such as safety and esthetics.  The 2004

3

policy contains no reference to consideration of a potential donor's religion, religious tenets, teachings, beliefs or practices. Summum has stipulated in this case that it does not meet the criteria of either Pleasant Grove's pre-2004 unwritten policy nor its 2004 written policy for accepting monuments.[2]

Pleasant Grove officials have testified in depositions that, at the time they made their decision to reject Summum's request they were completely ignorant of Summum's religious tenets, teachings, beliefs or practices.

At the time the Ten Commandments monument was erected in Pioneer Park in 1971, Mayor Cook said he thought the monument "would serve to remind citizens of their pioneer heritage in the founding of the state." The Fraternal Order of Eagles has been a part of the Pleasant Grove community since 1968[3], and the FOE has provided thousands of hours of community service and raised thousands of dollars for worthy causes in the community. Summum has admitted that it has no historical relevance to Pleasant Grove and has no longstanding ties to Pleasant Grove.

## DISCUSSION

**A. Claims Against the Individual Defendants**

As an initial matter, Summum's claims against the individuals sued in their official

---

[2] Obviously, however, Summum does not concede the validity of the resolution or its terms.

[3] Summum disputes this fact, arguing that the Utah State Aeire (state chapter) of the Fraternal Order of Eagles actually donated the monument, and the local chapter does not satisfy the criteria of Resolution 2004-019 in that it lacks strong historical ties to the City and is not an established civic group in the City. The court finds no merit to this allegedly disputed fact because the fact remains that the Fraternal Order of Eagles has strong historical ties to the City and was an established civic group.

capacities are dismissed. The law is well-settled that an action against a municipality and an action against a municipal official acting in his or her official capacity are the same actions. *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1316 n.2 (10th Cir. 1998) (citation and quotation omitted); *see also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office"); *Karcher v. May*, 484 U.S. 72, 78 (1987) ("the real party in interest in an official capacity suit is the entity represented and not the individual officer holder"). Thus, all claims against the Individual Defendants in their official capacities are redundant with the claims against the municipality and are therefore dismissed.

B. FEDERAL ESTABLISHMENT CLAUSE CLAIM

In his concurrence to the Supreme Court's 9-0 decision rejecting Summum's prior federal claim against Pleasant Grove, Justice Scalia wrote that "the city ought not fear that today's victory has propelled it from the Free Speech Clause frying pan into the Establishment Cause fire." *Pleasant Grove City, Utah v. Summum*, ___ U.S. ___, 1129 S. Ct. 1125, 1139 (2009) (Scalia, J., concurring).

The court agrees with Pleasant Grove that the facts in this case are essentially the same as the facts in *Van Orden v. Perry*, 545 U.S. 677 (2005), a case in which the Supreme Court rejected an similar Establishment Clause claim on the following grounds: (1) a plurality of the Court held that the display was permissible because the Ten Commandments "have an undeniable historical meaning" in addition to their "religious significance," *id.* at 690 (opinion of Rehnquist, C.J.); and (2) Justice Breyer, concurring in the judgment, agreed that the Establishment Clause was not violated because the monument conveyed a permissible secular

message, especially considering its setting amid other historical markers, the length of time it had gone unchallenged, the original secular purpose of the Eagles, and the well-recognized symbolism of the Decalogue as a code of morals. *Id*. at 701-703 (Breyer, J., concurring). While Plaintiff has argued that the monument in the instant case has followed a markedly different historical tack than the monument at issue in *Van Orden*, the court concludes that those differences do not compel a different result. As Justice Scalia, concurring in this case, wrote:

> Even accepting the narrowest reading of the narrowest opinion necessary to the judgment in *Van Orden*, there is little basis to distinguish the monument in this case: Pioneer Park includes "15 permanent displays," *ante*, at 1129; it was donated by the Eagles as part of its national effort to combat juvenile delinquency, Brief for Respondent 3; and it was erected in 1971, *ibid*, which means it is approaching its (momentous!) 40th anniversary.

1129 S. Ct. at 1140 (Scalia, J., concurring).

The undisputed facts of record in this case show that–whatever the Eagles' intended message–Pleasant Grove has, since the beginning, displayed the monument for reasons of history, not religion. Moreover, there is no evidence that anyone in Pleasant Grove government had any idea what Summum's religious beliefs were, and thus it cannot be said that the Pleasant Grove government demonstrated a preference for one religion over another.

Accordingly, the court finds that Summum's claim under the Establishment Clause is disposed of by *Van Orden* either expressly or by necessary implication, and also by the Supreme Court's unanimous opinion in the instant case.

## C. UTAH CONSTITUTIONAL CLAIM

In addition to its federal claim, plaintiff has also asserted that Defendants are in violation

of Article I, § 4 of the Utah State Constitution.[4]  Defendants have requested that the court refrain from exercising its supplemental jurisdiction over this claim.  Section 1367(c)(1) of Title 28 of the United States Code provides that a federal district court may decline to exercise supplemental jurisdiction over a claim if "the claim raises a novel or complex issue of State law."  According to Moore's Federal Practice, this section "is often used to decline jurisdiction in cases in which state law in the area is unsettled, or the issue is one of first impression . . . [or] *to avoid construction of a state constitutional provision in federal court*."  16 Moore's Federal Practice, § 106.64 (Matthew Bender 3d ed.) (emphasis added).

As the Tenth Circuit recognized in *Snyder v. Murray City Corp.*, 124 F.3d 1349, 1354-55 (10th Cir. 1997), the Utah Supreme Court has stated that it does not follow "federal constitutional models in interpreting the Religion Clauses of the Utah Constitution," *id.* (citing *Society of Separationists v. Whitehead*, 870 P.2d 916 (Utah, 1993)), and that, further, "the interpretation of those clauses [by the state supreme court] appears to be undergoing an evolution." *Id*.  In *Snyder*, the Tenth Circuit thus declined to exercise jurisdiction over plaintiff's

---

[4]  The Utah Constitution provides:

> The rights of conscience shall never be infringed. The State shall make no law respecting an establishment of religion or prohibiting the free exercise thereof; no religious test shall be required as a qualification for any office of public trust or for any vote at any election; nor shall any person be incompetent as a witness or juror on account of religious belief or the absence thereof.  There shall be no union of Church and State, nor shall any church dominate the State or interfere with its functions. No public money or property shall be appropriated for or applied to any religious worship, exercise or instruction, or for the support of any ecclesiastical establishment.

Utah Constitution, Art. 1, § 4.

state constitutional claims, also characterizing them as involving "complex issues of state law." *Id*.

Accordingly, this court declines to exercise its supplemental jurisdiction over the Utah State Constitution Claim. Therefore, that claim is dismissed without prejudice.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment [Docket # 305] is GRANTED and Plaintiff's Motion for Preliminary Injunction [Docket # 307] is DENIED AS MOOT. Plaintiff's Establishment Clause claim under the United States Constitution is DISMISSED with prejudice. Because the court declines to exercise its supplemental jurisdiction, Plaintiff's claim under Article I, Section 4 the Utah Constitution is DISMISSED without prejudice. The Clerk of the Court is directed to close this case.

DATED this 2nd day of June, 2010.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge